IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| U S INCORPORATED,       ) | |
|     Plaintiff,       ) | |
| ) | |
| v.       ) | CIVIL ACTION NO. 16-00530-N |
| ) | |
| TUG SEGUIN, *in rem*, and       ) | |
| HARTLEY MARINE SERVICES, INC.  ) | |
| and CLEARVIEW MARINE, INC.,       ) | |
| *in personam*,       ) | |
|     Defendants.       ) | |

## ORDER APPOINTING SUBSTITUTE CUSTODIAN

The Plaintiff, U S Incorporated, has brought a Verified Complaint (Doc. 5) against the Defendants under Rules B, C, and E of the Federal Supplemental Rules for Admiralty or Maritime Claims and Asset for Forfeiture Actions. By previous order (Doc. 14), the Court directed that process under Supplemental Rule B and an arrest warrant under Supplemental Rule C issue against the *in rem* Defendant vessel TUG SEGUIN, Official No. 1105173 (hereinafter, "the Vessel"), but denied the Plaintiff's renewed motion for appointment of a substitute custodian due to certain noted defects. The Plaintiff has now filed a second renewed motion for appointment of substitute custodian (Doc. 16) along with corrected certificates of port risk insurance on the Vessel (Doc. 15) and a supplement (Doc. 21) in response to the undersigned's previous order (Doc. 20).

"As an alternative to placing a keeper aboard a vessel, under the Marshal's surveillance, the plaintiff may choose to have a substitute custodian appointed. The appointment is conditioned on both the acceptance by the substitute custodian

of all responsibility and liability during the appointment and on the moving party's agreement to hold the United States and the Marshal harmless from any claims arising during the substitute custodianship." *Donald D. Forsht Assocs., Inc. v. Transamerica ICS, Inc.*, 821 F.2d 1556, 1560 (11th Cir. 1987).  The Plaintiff's second renewed motion (Doc. 16) requests that the Plaintiff be appointed substitute custodian of the Vessel, representing that the Vessel has been berthed at the Plaintiff's dock facilities since March 2014 and that the Vessel's engines are not currently operational.

Upon consideration, the Plaintiff's second renewed motion appears to meet the requirements of S.D. Ala. CivLR 104(l)(1).[1]  (*See* Docs. 15, 16).  Moreover, the motion, as supplemented (*see* Doc. 21), adequately represents that the Plaintiff accepts all responsibility and liability during its appointment as substitute custodian and agrees to hold the United States and the Marshal harmless from any claims arising during the substitute custodianship.

Accordingly, the Plaintiff's second renewed motion for appointment of substitute custodian (Docs. 16, 21) is **GRANTED**.  Plaintiff U. S. Incorporated is appointed substitute custodian of the *in rem* defendant vessel TUG SEGUIN, Official No. 1105173, to retain the same in its custody pursuant to the warrant of arrest and writ of attachment until further order of this Court.

---

[1] "A substitute custodian, in place of the Marshal, may be appointed by order of the Court. Any application for appointment of a substitute custodian must show the name of the proposed custodian, the location of the vessel during the period of custody, and the proposed insurance coverage. Notice of the application to appoint a substitute custodian, if made concurrent with the application for arrest or attachment, need only be given to the Marshal."  S.D. Ala. CivLR 104(l)(1)

The United States Marshal is hereby authorized to withdraw his personnel and surrender possession of the Vessel to Plaintiff U. S. Incorporated, the substitute custodian.  Upon such surrender, the Marshal shall be discharged from his duties and responsibilities for the safekeeping of the Vessel and held harmless by the Plaintiff from any and all claims arising out of the substituted possession and safekeeping of the Vessel.[2]

**DONE** and **ORDERED** this the 9th day of January 2017.

> /s/ Katherine P. Nelson
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**

---

[2] Under S.D. Ala. GenLR 73(c) and 28 U.S.C. § 636(c), this case has been randomly assigned to the undersigned Magistrate Judge for all purposes, including entry of a final judgment, as set out in the Notice of Assignment to United States Magistrate Judge for Trial entered December 20, 2016.  (Doc. 13).  The Notice of Assignment informs the parties that they "have the right to have this action reassigned to a United States District Judge for trial and disposition," and makes clear that "[a]ny party may request reassignment by" confidentially emailing the Clerk of Court a "Request for Reassignment to a United States District Judge." Inasmuch as no party, to date, has returned to the Clerk of Court a Request for Reassignment, there presently exists implicit consent to the undersigned conducting all proceedings in this case. *See Chambless v. Louisiana-Pac. Corp.*, 481 F.3d 1345, 1350 (11th Cir. 2007) ("[T]he Supreme Court held in *Roell v. Withrow*, 538 U.S. 580, 123 S. Ct. 1696, 155 L. Ed. 2d 775 (2003), that consent to a magistrate judge's jurisdiction can be inferred from a party's conduct during litigation.  *Id.* at 582, 123 S. Ct. 1696. The Court refused to adopt a bright-line rule requiring express consent, instead accepting implied consent 'where ... the litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case before the Magistrate Judge.'  *Id.* at 589–90, 123 S. Ct. 1696.").