# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| U S INCORPORATED, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 16-00530-N |
| ) | |
| TUG SEGUIN, *in rem*, and ) | |
| HARTLEY MARINE SERVICES, INC. ) | |
| and CLEARVIEW MARINE, INC., ) | |
| *in personam*, ) | |
|     Defendants. ) | |

## ORDER

This action is before the Court *sua sponte* on review of the record. The Plaintiff filed its complaint on October 13, 2016. (Doc. 1). On February 8, 2017, the Plaintiff filed a verified notice purporting to evidence service of process under Federal Rule of Civil Procedure 4 on Defendant Clearview Marine, Inc. ("Clearview") via certified U.S. first class mail on January 25, 2017. (Doc. 26). Accordingly, Clearview's responsive pleading would have been due February 15, 2017. *See* Fed. R. Civ. P. 12(a)(1). To date Clearview has failed to answer or otherwise defend, and the Plaintiff has not sought entry of default against Clearview.

A review of the Plaintiff's proof of service (Doc. 26), however, does not sufficiently show that Clearview has been served with process in this action. The certified mail receipt indicates that the summons and complaint were mailed to Clearview "c/o its Registered Agent, Veronica Jattan," in Kissimmee, Florida. (Doc. 26-1 at 2). However, the receipt was signed by an individual identifying herself as "Marcia Jattan," who did not indicate whether she was the addressee (i.e. Veronica)

or her agent. (*Id.*). The Plaintiff's verified notice does not explain who "Marcia Jattan" is or why her acceptance of the complaint and summons constitutes sufficient service of process on Clearview.

"If a defendant is not served within 90 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Upon consideration, the Plaintiff is **ORDERED** to perfect service of process on Defendant Clearview, and file proof of same with the Court, no later than **July 10, 2017**. Failure to do so will result in dismissal of this action as to Clearview under Rule 4(m).[1]

**DONE** and **ORDERED** this the 9th day of June 2017.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Under S.D. Ala. GenLR 73(c) and 28 U.S.C. § 636(c), this case has been randomly assigned to the undersigned Magistrate Judge for all purposes, including entry of a final judgment, as set out in the Notice of Assignment to United States Magistrate Judge for Trial entered December 20, 2016. (Doc. 13). The Notice of Assignment informs the parties that they "have the right to have this action reassigned to a United States District Judge for trial and disposition," and makes clear that "[a]ny party may request reassignment by" confidentially emailing the Clerk of Court a "Request for Reassignment to a United States District Judge." Inasmuch as no party, to date, has returned to the Clerk of Court a Request for Reassignment, there presently exists implicit consent to the undersigned conducting all proceedings in this case. *See Chambless v. Louisiana-Pac. Corp.*, 481 F.3d 1345, 1350 (11th Cir. 2007) ("[T]he Supreme Court held in *Roell v. Withrow*, 538 U.S. 580, 123 S. Ct. 1696, 155 L. Ed. 2d 775 (2003), that consent to a magistrate judge's jurisdiction can be inferred from a party's conduct during litigation. *Id.* at 582, 123 S. Ct. 1696. The Court refused to adopt a bright-line rule requiring express consent, instead accepting implied consent 'where ... the litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case before the Magistrate Judge.' *Id.* at 589–90, 123 S. Ct. 1696.").