# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| U S INCORPORATED, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 16-00530-N |
| ) | |
| TUG SEGUIN, *in rem*, and ) | |
| HARTLEY MARINE SERVICES, INC. ) | |
| and CLEARVIEW MARINE, INC., ) | |
| *in personam*, ) | |
|     Defendants. ) | |

## **ORDER**

This action is before the Court *sua sponte* on review of the record. The Plaintiff, U S Incorporated, has brought a Verified Complaint (Doc. 5) against the Defendants under Rules B, C, and E of the Federal Supplemental Rules for Admiralty or Maritime Claims and Asset for Forfeiture Actions. On January 13, 2017, the United States Marshal served Defendant Hartley Marine Services, Inc. ("Hartley") with a writ of foreign attachment issued under Supplemental Rule B. (*See* Doc. 25 at 2). Accordingly, Hartley was required to serve answer within 30 days (i.e., no later than February 13, 2017). *See* Supp. R. B(3)(b); Fed. R. Civ. P. 6(a)(1). To date, Hartley has not done so, nor has it otherwise appeared in this action.

On January 13, 2017, the Marshal also arrested the Defendant TUG SEGUIN pursuant to a warrant issued under Supplemental Rule C. (*See* Doc. 25 at 1). The Plaintiff subsequently gave notice of its intent to published public notice as required by Supplemental Rule C(4), which specified that the time for interested parties to

file verified statements of right or interest under Rule C(6) was April 26, 2017. (*See* Doc. 29).[1] To date, no interested party has done so or otherwise appeared.

Upon consideration, no later than **June 19, 2017**, the Plaintiff is **ORDERED** to file a request for an entry of default against Defendants Hartley and TUG SEGUIN under Federal Rule of Civil Procedure 55(a) and S.D. Ala. Civil Local Rule 104(d) (setting forth additional requirements for seeking entry of default and default judgment in *in rem* cases), or to show cause in writing for its inability to do so.[2]

**DONE** and **ORDERED** this the 9th day of June 2017.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The Plaintiff has not file proof of such publication, however.

[2] Under S.D. Ala. GenLR 73(c) and 28 U.S.C. § 636(c), this case has been randomly assigned to the undersigned Magistrate Judge for all purposes, including entry of a final judgment, as set out in the Notice of Assignment to United States Magistrate Judge for Trial entered December 20, 2016. (Doc. 13). The Notice of Assignment informs the parties that they "have the right to have this action reassigned to a United States District Judge for trial and disposition," and makes clear that "[a]ny party may request reassignment by" confidentially emailing the Clerk of Court a "Request for Reassignment to a United States District Judge." Inasmuch as no party, to date, has returned to the Clerk of Court a Request for Reassignment, there presently exists implicit consent to the undersigned conducting all proceedings in this case. *See Chambless v. Louisiana-Pac. Corp.*, 481 F.3d 1345, 1350 (11th Cir. 2007) ("[T]he Supreme Court held in *Roell v. Withrow*, 538 U.S. 580, 123 S. Ct. 1696, 155 L. Ed. 2d 775 (2003), that consent to a magistrate judge's jurisdiction can be inferred from a party's conduct during litigation. *Id.* at 582, 123 S. Ct. 1696. The Court refused to adopt a bright-line rule requiring express consent, instead accepting implied consent 'where ... the litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case before the Magistrate Judge.' *Id.* at 589–90, 123 S. Ct. 1696.").