IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| U S INCORPORATED,<br>    Plaintiff,<br><br>v.<br><br>TUG SEGUIN, *in rem*, and<br>HARTLEY MARINE SERVICES, INC.<br>and CLEARVIEW MARINE, INC.,<br>*in personam*,<br>    Defendants. | CIVIL ACTION NO. 16-00530-N |

## ORDER

This action is again before the Court on the Plaintiff's motion for entry of default under Federal Rule of Civil Procedure 55(a) against Defendant TUG SEGUIN, *in rem* ("the Vessel") (Doc. 32).[1]  Previously, the Court found that the Plaintiff, U S Incorporated, had complied with the requirements of S.D. Ala. CivLR 102(d)(1), (3), and (4) for seeking entry of default in an *in rem* action under Rule C of the Federal Supplemental Rules for Admiralty or Maritime Claims and Asset for Forfeiture Actions, but directed the Plaintiff to supplement its motion to show compliance with S.D. Ala. CivLR 102(d)(2).  (*See* Doc. 33).  The Plaintiff has timely complied.  (*See* Doc. 35).

Upon review of the Plaintiff's motion (Doc. 32) and supplement (Doc. 35), the Court finds that the Plaintiffs have complied with all requirements of S.D. Ala. CivLR 102(d) and that entry of default against the Vessel under Rule 55(a) is appropriate.  Accordingly, the Plaintiff's motion for entry of default under Federal

---

[1] The Court previously granted the motion for entry of default as to Defendant Hartley Marine Services, Inc.  (*See* Docs. 33, 34).

Rule of Civil Procedure 55(a) against the Vessel (Doc. 32) is **GRANTED**, and the Clerk of Court is **DIRECTED** to enter default against the Vessel.

The Plaintiff's supplement further represents that, "[t]o expedite disposition of its *in rem* claims against the vessel, [the Plaintiff] has decided to abandon its *in personam* claims against defendants, Hartley Marine Services, Inc. and Clearview Marine, Inc." (Doc. 35 at 2). Upon consideration, it is **ORDERED** that, no later than **Monday, July 17, 2017**, the Plaintiff must file a request or motion for default judgment against the Vessel under Federal Rule of Civil Procedure 55(b) and S.D. Ala. CivLR 104(c), or show cause why it is unable to do so. The Plaintiff's failure to comply with this order will be deemed a failure to prosecute and/or to obey a Court order and may result in dismissal of this action.[2]

**DONE** and **ORDERED** this the 23rd day of June 2017.

                                                            */s/ Katherine P. Nelson*
                                                            **KATHERINE P. NELSON**
                                                            **UNITED STATES MAGISTRATE JUDGE**

---

[2] Under S.D. Ala. GenLR 73(c) and 28 U.S.C. § 636(c), this case has been randomly assigned to the undersigned Magistrate Judge for all purposes, including entry of a final judgment, as set out in the Notice of Assignment to United States Magistrate Judge for Trial entered December 20, 2016. (Doc. 13). The Notice of Assignment informs the parties that they "have the right to have this action reassigned to a United States District Judge for trial and disposition," and makes clear that "[a]ny party may request reassignment by" confidentially emailing the Clerk of Court a "Request for Reassignment to a United States District Judge." Inasmuch as no party, to date, has returned to the Clerk of Court a Request for Reassignment, there presently exists implicit consent to the undersigned conducting all proceedings in this case. *See Chambless v. Louisiana-Pac. Corp.*, 481 F.3d 1345, 1350 (11th Cir. 2007) ("[T]he Supreme Court held in *Roell v. Withrow*, 538 U.S. 580, 123 S. Ct. 1696, 155 L. Ed. 2d 775 (2003), that consent to a magistrate judge's jurisdiction can be inferred from a party's conduct during litigation. *Id.* at 582, 123 S. Ct. 1696. The Court refused to adopt a bright-line rule requiring express consent, instead accepting implied consent 'where ... the litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case before the Magistrate Judge.' *Id.* at 589–90, 123 S. Ct. 1696.").